IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD ANTHONY JOHNSON,

                Plaintiff,

  v.

JACOB GULLICKSON, JOSH MILLER, WADE
BEARDSLEY, TOM XIONG, MARCUS WALDEN,
and JUSTIN GREUEL,

                Defendants.

OPINION and ORDER

20-cv-496-jdp

---

Pro se plaintiff Richard Anthony Johnson is proceeding on claims that several officers for the city of Eau Claire, Wisconsin violated his rights in the context of arresting him for suspected child sexual assault. Johnson has now filed a document that he calls "Motion to impose conditions on notice of deposition." Dkt. 54. Johnson asks the court to issue three rulings for a deposition that he says is scheduled for July 26, 2021: (1) postpone the deposition until the city returns certain personal property that it took from him when he was arrested; (2) require defendants to provide advance written notice of all the questions they will ask him during the deposition; and (3) require defendants to provide him with a copy of his answers to the questions. I will deny the first two requests but grant the third.

I will deny Johnson's first two request for a simple reason: he identifies no authority for either request. Depositions are governed by Federal Rule of Civil Procedure 30, and that rule doesn't allow a deponent to condition a deposition on the return of property or require a party to submit written questions in advance.

The property Johnson seeks has nothing to do with the deposition or this case. He says that the city is violating a state-court order directing the city to return the property. If that's true, Johnson's remedy lies with the state court.

As for the request to receive advance notice of the deposition questions, Johnson says Federal Rule of Civil Procedure 31 allows written depositions. That's correct, but the rule doesn't *require* the deposing party to submit written requestions. Johnson also says that he doesn't trust defendants because they have been acting in bad faith. Specifically, he says that defendants have provided false answers in their discovery responses and engaged in misconduct before this lawsuit was filed. Neither of those things are grounds for requiring defendants to submit written questions to him. If Johnson has evidence that contradicts defendants' discovery responses, he is free to offer that evidence at summary judgment or trial.

As for the request for a copy of his deposition answers, Rule 30(e)(1) gives the deponent the right to review the transcript so that he can identify any errors that occurred in transcribing his testimony. So I will direct counsel for defendants to make arrangements with the stenographer to allow Johnson to conduct the review authorized under Rule 30(e)(1).

Johnson also asks what sanctions he may suffer if he refuses to participate in the deposition. I cannot issue advisory rulings on events that haven't occurred. But Rule 30(g) allows a party to "recover reasonable expenses for attending, including attorney's fees" if a deponent doesn't appear or refuses to proceed with the deposition. Also, "a court may dismiss a suit after the plaintiff has willfully refused to comply with discovery orders and the plaintiff has been warned that noncompliance may lead to dismissal." *Pendell v. City of Peoria*, 799 F.3d 916, 917–18 (7th Cir. 2015). This will serve as Johnson's warning: **If he refuses to sit for a deposition, defendants may move for sanctions, including dismissal of the case**.

ORDER

IT IS ORDERED that plaintiff Richard Johnson's "motion to impose conditions on notice of deposition," Dkt. 54, is GRANTED in part. Defendants are directed to make arrangements with the stenographer to allow Johnson to review the deposition transcript in accordance with Federal Rule of Civil Procedure 30(e)(1). Johnson's motion is DENIED in all other respects.

Entered July 15, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge